**Jose Ignacio FLORES–MORALES,
Petitioner,**

v.

**Alberto R. GONZALES, Attorney
General, Respondent.**

No. 05–74782.

United States Court of Appeals,
Ninth Circuit.

Submitted April 16, 2007 *.

Filed April 27, 2007.

Ashwani K. Bhakhri, Esq., Law Offices of Ashwani K. Bhakhri, Burlingame, CA, for Petitioner.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Emily A. Radford, Esq., Aviva L. Poczter, Esq., Gjon Juncaj, Esq., DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GRABER, CLIFTON and BEA, Circuit Judges.

### MEMORANDUM **

Jose Ignacio Flores–Morales seeks review of the Board of Immigration Appeals' ("BIA") order upholding an immigration judge's decision denying his application for cancellation of removal. We review de novo claims of constitutional violations in immigration proceedings. *See Ram v. INS*, 243 F.3d 510, 516 (9th Cir.2001). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the discretionary determination that an applicant has failed to show exceptional and extremely unusual hardship to a qualifying relative. *See Romero–Torres v. Ashcroft*, 327 F.3d 887, 890 (9th Cir.2003).

Contrary to Flores–Morales's contention, the BIA's interpretation of the hardship standard falls within the broad range authorized by the statute. *See Ramirez–Perez v. Ashcroft*, 336 F.3d 1001, 1004–1006 (9th Cir.2003). We are not persuaded that Flores–Morales' removal results in the deprivation of his children's cognizable rights. *See Cabrera–Alvarez v. Gonzales*, 423 F.3d 1006, 1012–13 (9th Cir.2005).

R.App. P. 34(a)(2).

**PETITION FOR REVIEW DISMISSED in part and DENIED in part.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.